## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**SHANE DESHAWN FRANCIS**                                                 **PLAINTIFF**

**v.**                      **CIVIL ACTION NO. 5:20-CV-P7-TBR**

**RICHARD BOLING**                         **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Shane DeShawn Francis leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss this action.

### I.

Plaintiff is incarcerated as a convicted prisoner at the Christian County Jail. He brings this action against Defendant Richard Boling, a Commonwealth's Attorney, in both his official and individual capacities.

In the complaint, Plaintiff states as follows:

> The current acting Commonwealth Attorney Richard Boling was my paid lawyer assigned to my current previous case reviewed by Christian County Court Judge John Atkins; however, once nominated to the Office of the State's Attorney Richard Boling violated my rights to fair legal process by prosecuting the same case and revoking my probation. My Fourteenth Amendment right was violated which is due process.

Plaintiff attaches to the complaint a document filed by Defendant Boling in Plaintiff's state-court criminal action titled "Commonwealth's Response to Motion to Suspend Further Execution of Sentence" (DN 1-1). In the motion, Defendant argues that Plaintiff's motion for shock probation should be denied.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of release from incarceration.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claim**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because Defendant is an employee of the Commonwealth of Kentucky, the official-capacity claim against him is deemed to be a claim against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from a state officer or employee in

his official capacity, he fails to allege a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to any claim for monetary damages against Defendant in his official capacity. *Kentucky v. Graham*, 473 U.S. at 169; *see also Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."). Thus, the Court will dismiss Plaintiff's official-capacity claim against Defendant for monetary damages for failure to state a claim upon which relief may be granted and for seeking monetary relief from a Defendant who is immune from such relief.

**B. Individual-Capacity Claim**

Plaintiff's individual-capacity claim against Defendant is also subject to dismissal because prosecutors are entitled to "absolute immunity from civil liability related to their performance of 'prosecutorial' functions." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)); *see also Cady v. Arenac Cty.*, 574 F.3d 334, 341(6th Cir. 2009) ("As the line of absolute-immunity cases make clear, . . . a prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state."); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986) (holding that a prosecutor's alleged "use of perjured testimony[,] the non-disclosure of exculpatory information[,] . . . conflict of interest problems[,] and . . . spy allegations" are all "related to the acts of an advocate and thus come within the area of prosecutorial immunity"). Thus, because the action by Defendant which Plaintiff challenges was performed in his role as an advocate for the Commonwealth of Kentucky in the criminal action against Plaintiff, the Court will dismiss Plaintiff's individual-

capacity claim against him for seeking damages from a Defendant who is immune from such relief.

### C. Injunctive Relief

Finally, the Court turns to Plaintiff's request for injunctive relief in the form of release from incarceration. Where "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's request for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date: February 3, 2020

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendant
4413.011